UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JHOBANI G. ARELLANES-LOPEZ | No. 14 CR 349<br><br>Judge John J. Tharp, Jr. |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, ZACHARY T. FARDON, and defendant JHOBANI G. ARELLANES-LOPEZ, and his attorney, JAMES FABBRINI, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with transportation of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(1) (Counts One and Two), and possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) (Count Three).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following count of the indictment: Count One, which charges defendant with the transportation of no fewer than 10 images of child pornography using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 2252A(a)(1). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

On or about December 22, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, defendant JHOBANI G. ARELLANES-LOPEZ knowingly transported and caused to be transported child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), namely no fewer than 10 images, including computer files titled "Laura_027.jpg," "Laura_043.jpg," "Laura_044.jpg," "Laura_045.jpg," "Laura_047.jpg," "Laura_048.jpg, "Laura_049.jpg," "Laura_050.jpg," "Laura_077.jpg," "Laura_080.jpg," "Laura_081.jpg," "Laura_082.jpg," and "Laura_083.jpg," using a means and facility of interstate

2

and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(1).

Specifically, between approximately December 2013 and March 2014, ARELLANES-LOPEZ used the Hotmail email address "demon_angel13" and his account at Dropbox, Inc., an electronic file storage service provider, to possess, receive, and distribute child pornography from his residence in Chicago. For example, on or about December 22, 2013, using his Hotmail email account, ARELLANES-LOPEZ engaged in an email exchange with another user (Individual A) in which ARELLANES-LOPEZ received and distributed dozens of images and videos of child pornography. Specifically, on or about December 22, 2013, ARELLANES-LOPEZ sent an email to Individual A in which he attached approximately 13 image files that he knew constituted child pornography. In the body of the email, ARELLANES-LOPEZ wrote, "here some private pics I trade just a few weeks ago." The 13 image files all include the name "Laura" and appear to be of the same minor female, approximately 10 to 12 years old, naked and displaying her genital region in a lewd and lascivious manner. As part of that email exchange, ARELLANES-LOPEZ also sent an email to Individual A, attaching, among other images, an image of a prepubescent female, approximately 5 to 8 years old, engaging in oral sex with an adult male and an image of a prepubescent female spreading her legs with semen covering her vagina.

As part of that same email exchange on December 22, 2013, and in response

to a request from Individual A for videos containing child pornography, ARELLANES-LOPEZ created an account with Dropbox and uploaded images and videos of child pornography into his Dropbox account. ARELLANES-LOPEZ knew that the images and videos that he uploaded into his Dropbox account constituted child pornography. Following the uploading of these images of child pornography into his Dropbox account, ARELLANES-LOPEZ sent Individual A an email containing a link to ARELLANES-LOPEZ's Dropbox account. ARELLANES-LOPEZ knew that the link that he distributed by email on December 22, 2013, was a link to his Dropbox account containing child pornography. Further, ARELLANES-LOPEZ intended that, upon receipt of the email, Individual A would use the link to access ARELLANES-LOPEZ's Dropbox account containing child pornography.

In addition to his transportation of child pornography on December 22, 2013, ARELLANES-LOPEZ also possessed images and videos depicting child pornography on a computer and electronic storage devices in his residence, including: (1) a desktop computer labeled "Desktop PC," model number TS-XN0105RS, bearing serial number TS50101188, containing a Western Digital, 250 gigabyte hard drive, model number WD2500AAJS, bearing serial number WCAV2E411070 ("Desktop PC"); (2) a 16 gigabyte Sandisk Cruzer Glide thumb drive, serial number SDCZ26-016G, and a 4 gigabyte Sandisk Cruzer thumb drive, serial number SDCZ36-004G (the "Sandisk Thumb Drives"); and (3) a Samsung SPH-M840 cellular phone (the "Samsung Phone").

In total, ARELLANES-LOPEZ possessed approximately 11,005 images and 646 videos of child pornography. ARELLANES-LOPEZ knew that these images and videos depicted real children being subjected to torture, bestiality, and bondage.

## Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

   a. A maximum sentence of 20 years' imprisonment, and a statutory mandatory minimum sentence of 5 years. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

   b. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

## Sentencing Guidelines Calculations

8. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2015 Guidelines Manual.

b. **Offense Level Calculations**.

i. The base offense level for the offense of conviction, pursuant to Guideline § 2G2.2(a)(2), is 22.

ii. The offense level is increased two levels, pursuant to Guideline § 2G2.2(b)(2), because the offense of conviction and relevant conduct involved a prepubescent minor or a minor under the age of 12 years;

iii. The offense level is increased two levels, pursuant to Guideline § 2G2.2(b)(3)(F), because the offense of conviction involved distribution;

iv. The offense level is increased four levels, pursuant to Guideline § 2G2.2(b)(4), because the offense of conviction and relevant conduct involved material that portrayed sadistic and masochistic conduct, and other depictions of violence;

v. The offense level is increased two levels, pursuant to Guideline § 2G2.2(b)(6), because the offense of conviction and relevant conduct involved the use of a computer; or an interactive computer service for the possession, transmission, receipt, or distribution of the material, and for accessing with intent to view the material;

vi. The offense level is increased five levels, pursuant to Guideline § 2G2.2(b)(7)(D), because the offense of conviction and relevant conduct involved more than 600 images of child pornography.

vii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

viii. In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d.  **Anticipated Advisory Sentencing Guidelines Range.**
Therefore, based on the facts now known to the government, the anticipated offense level is 34, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 151 to 188 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 5 years' imprisonment.

e.  Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to

sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

**Agreements Relating to Sentencing**

11.  Each party is free to recommend whatever sentence it deems appropriate.

12.  It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13.  Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution in the full amount of the losses of any victim of defendant's offense, as the terms "victim" and "loss" are defined in that section. The amount of restitution shall be determined by the Court at sentencing.

14.  Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the

United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

15. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

16. Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

17. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to defendant.

**Forfeiture**

18. Defendant acknowledges that on or about July 8, 2014, administrative forfeiture proceedings were commenced against certain property, including the Desktop PC, the Sandisk Thumb Drives, and the Samsung Phone. By signing this plea agreement, defendant acknowledges that he had notice of the administrative forfeiture proceeding, relinquishes any right, title, and interest he may have had in this property, withdraws any previously filed claims, and understands that an administrative decree of forfeiture has been entered, or will be entered, thereby extinguishing any claim he may have had in the seized property.

19. Defendant understands that forfeiture shall not be treated as

satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant.

20. Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant further agrees not to challenge or seek review of the civil or administrative forfeiture of any property identified in this agreement subject to forfeiture, and will not assist any third party with regard to such challenge or review.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

21. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 14 CR 349.

22. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except

as expressly set forth in this Agreement.

## Waiver of Rights

23. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it

could return a verdict of guilty or not guilty as to that count.

    iv.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v.  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

    vi.  At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii.  At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

    viii.  With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

b. **Appellate Rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

24. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

25. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

26. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this

14

obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

27. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

28. Defendant understands that pursuant to Title 18, United States Code, Sections 3583(d) and 4042(c), the Court must order as an explicit condition of supervised release that defendant register as a sex offender in compliance with the requirements of the Sex Offender Registration and Notification Act. Defendant also understands that he will be subject to federal and state sex offender registration requirements independent of supervised release, that those requirements may apply throughout his life, and that he may be subject to state and federal prosecution for failing to comply with applicable sex offender registration laws. Defendant understands that no one, including his attorney or the Court, can predict

15

to a certainty the effect of his conviction on his duties to comply with current or future sex offender registration laws. Defendant nevertheless affirms that he wants to plead guilty regardless of any sex offender registration consequences that his guilty plea may entail.

29. Defendant agrees to participate in psychological counseling and sex offender treatment as directed by the Probation Office as a condition of any sentence of probation or supervised release imposed.

## Other Terms

30. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

31. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to an offense that is an "aggravated felony" as that term is defined in Title 8, United States Code, Section 1101(a)(43), removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of

any immigration consequences that his guilty plea may entail, even if the consequence is his automatic removal from the United States.

## Conclusion

32. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

33. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

34. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

35. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

36. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 2/17/16

ZACHARY T. FARDON *by C. Hotaling*
United States Attorney

JHOBANI ARELLANES-LOPEZ
Defendant

SEAN J.B. FRANZBLAU
Assistant U.S. Attorney

JAMES FABBRINI
Attorney for Defendant